UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOUTHERN HVAC CORPORATION and
FAST OF FLORIDA, INC.,

    Plaintiffs,

v.                                  Case No:   6:18-cv-1589-Orl-37TBS

ARIE KONFORTE, JUSTIN KONFORTE,
PHILIPA MACHIAL and JOSKO, LLC,

    Defendants.

## ORDER

This case comes before the Court without oral argument on Defendants' Opposed Motion for Limited Stay or in the Alternative Agreed Motion for Enlargement of Time (Doc. 36).

District courts have the inherent power to control their dockets and manage their cases, including by staying discovery. Perez v. Miami-Dade Cty., 297 F.3d 1255, 1263 (11th Cir. 2002); The Andersons, Inc. v. Enviro Granulation, LLC, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at *2 (M.D. Fla. Aug. 14, 2014). The Eleventh Circuit has "emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." Perez, 297 F.3d at 1263 (internal quotation marks omitted). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." Rivas v. The Bank of New York Melon, 676 F. App'x 926, 932 (11th Cir. 2017). The party seeking the stay has the burden of showing good cause and reasonableness. Holsapple v. Strong Indus., Case No. 2:12-

cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); S.D. v. St. Johns Cnty. Sch. Dist., Case No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 97835, at * 4-5 (M.D. Fla. Oct. 1, 2009) (citing to Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); McCabe v. Foley, 233 F.R.D. 683, 687 (M.D. Fla. 2006). In deciding whether to grant a stay the district court,

> [M]ust balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. Aug. 15, 1988); see also Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("In deciding whether to stay discovery pending resolution of a motion to dismiss ... the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'") (citing McCabe, 233 F.R.D. at 685).

The Court has examined the motion to dismiss, which argues that the Court lacks jurisdiction over this controversy because the Defend Trade Secrets Act of 2016 ("DTSA") only provides for a cause of action "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." (Doc. 27 at 2) (quoting 18 U.S.C. § 1836(b)(1)). According to Defendants, Plaintiffs only provide services in Central Florida (Doc. 27 at 2). The Court is familiar with this argument. In a recent Report and Recommendation, the undersigned recommended dismissal of a case because:

> Whether the Court has jurisdiction over this case depends upon whether Plaintiff has stated a cause of action under the

> DTSA. M.C. Dean, Inc. v. City of Miami Beach, Florida, 199 F. Supp. 3d 1349, 1353 (S.D. Fla. 2016) ("On May 11, 2016, the Defend Trade Secrets Act, Publ. L. 114-53, 130 Stat. 376, conferred on U.S. district courts subject matter jurisdiction over civil actions pertaining to the theft of trade secrets used in interstate or foreign commerce ... The district courts of the United States shall have original jurisdiction of civil actions brought under this section.'"). The DTSA creates a private right of action "for trade secret misappropriation in which '[a]n owner of a trade secret that is misappropriated may bring a civil action ... if the trade secret is related to a product or service used in, or intended for use in interstate or foreign commerce." Trinity Graphic, USA, Inc. v. Tervis Tumbler Co., 320 F. Supp. 3d 1285, 1292 (M.D. Fla. 2018). Plaintiff alleges that: "The Trade Secrets relate to services used or intended for use in interstate commerce." (Doc. 1, ¶ 33). No facts are pled to support this conclusion.

Wouaff Wouaff LLC v. Melissa T. McElroy, Case No. 6:18-cv-418-Orl-41TBS (M.D. Fla. Nov. 1, 2018) (Doc. 17).

Plaintiffs have not filed their response to the motion to dismiss. The Court would like the benefit of that paper before deciding whether there is good cause to enter a stay and that a stay is reasonable. Accordingly, Defendants' motion for stay is **DENIED without prejudice**.

Defendants' unopposed motion for an enlargement of time is **GRANTED**. Defendants have through December 14, 2018 to respond to Plaintiffs' motion for the entry of a preliminary injunction.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record