UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOUTHERN HVAC CORPORATION;
and FAST OF FLORIDA, INC.,

    Plaintiffs,

v.                                                                   Case No. 6:18-cv-1589-Orl-37TBS

ARIE KONFORTE; JUSTIN
KONFORTE; PHILIPA MACHIAL; and
JOSKO, LLC,

    Defendants.
_____

**ORDER**

In the instant action, the Court held a hearing on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and Motion to Strike Under Fed. R. Civ. P. 12(f) (Doc. 27). (Doc. 54.) On hearing argument, the Court pronounced its ruling granting Defendants' 12(b)(1) motion to dismiss Plaintiffs' sole federal claim under the Defend Trade Secrets Act ("**DTSA**"), 18 U.S.C. § 1836(b)(1). This Order memorializes the Court's ruling.

Under the DTSA, owners of trade secrets may institute actions in federal court "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." *Id.* As Plaintiffs' counsel admitted at the hearing, the HVAC services Plaintiffs provide are confined to a local, Florida-only area. Yet Plaintiffs' counsel relied on *United States v. Agrawal*, 726 F.3d 235, 244 n.7 (2d Cir 2013), for the proposition that the DTSA should be read broadly to support jurisdiction in this case. In *Agrawal*, the

U.S. Court of Appeals for the Second Circuit examined a former version of the Electronic Espionage Act ("**EEA**") but included a footnote on the revised version of the EEA, whose language the DTSA mirrors. *Id.* The Second Circuit noted that Congress revised the EEA "to clarify its intent to reach broadly in protecting against trade secrets" and thus replaced the former version's "or included in a product that is produced for or placed in" with "a product or service used in or intended for use in." *Id.* So, like the DTSA, the EEA now covers trade secrets "related to a product or service used in or intended for use in interstate or foreign commerce." *Id.*; *see also* 18 U.S.C. § 1836(b)(1). The Court finds no inconsistency between this approach and its ruling, as the focus is still on whether the trade secret relates to a *service used or intended for use* in interstate commerce. The services Plaintiffs provide—HVAC maintenance, installation, and repair in central Florida—do not qualify.

Therefore, given the Court's limited jurisdictional grant and a plain reading of the statute, the Court finds that Plaintiffs cannot establish a sufficient nexus to interstate commerce to grant this Court jurisdiction over the DTSA claim. Without jurisdiction over the federal claim, the Court cannot exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims under 28 U.S.C. § 1367.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiffs' Amended Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and Motion to Strike Under Fed. R. Civ. P. 12(f) (Doc. 27) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Court **GRANTS** Defendants' 12(b)(1) motion to dismiss for lack

of subject matter jurisdiction.

b. Without jurisdiction over the sole federal claim, the Court does not reach the other aspects of Defendants' Motion. Thus, in all other respects, the Motion is **DENIED**.

2. The Amended Complaint (Doc. 4) is **DISMISSED** for lack of subject matter jurisdiction.

3. The Clerk is **DIRECTED** to terminate any pending deadlines or motions and **CLOSE** the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 10, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record