UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOUTHERN HVAC CORPORATION and
FAST OF FLORIDA, INC., as successor-
by-merger to U.S. H&A, LLC,

    Plaintiffs,

v.      Case No:   6:18-cv-1589-Orl-37TBS

ARIE KONFORTE, JUSTIN KONFORTE,
PHILIPA MACHIAL and JOSKO, LLC,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion for Attorneys' Fees Under FED. R. CIV. P. 54(d)(2) (Doc. 56). Plaintiffs have filed a response in opposition (Doc. 58). Upon due consideration, I respectfully recommend that the motion be **DENIED**.

### Background

This lawsuit was filed following the sale of Defendant Arie Konforte's business to U.S. H&A, LLC ("USHAC"). The amended complaint alleged that Arie Konforte violated a Noncompetition Agreement and Consulting Agreement and that Defendants conspired to steal USHAC's confidential customer lists and price lists (Doc. 4). Plaintiffs claimed that Defendants' actions violated the Defend Trade Secrets Act ("DTSA") and the Florida Uniform Trade Secrets Act ("FUTSA") (Id.). They also asserted several state law claims which they said, "arise out of the same operative facts as those underlying the federal claims." (Id., ¶ 7).

Defendants motioned the Court to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) (Doc. 27) and the Court held argument (Doc. 54). At the

conclusion of the hearing, the Court granted Defendants' Rule 12(b)(1) motion to dismiss Plaintiffs' sole federal claim under the DTSA, and a written Order memorializing that decision followed (Doc. 55). The Court found that it did not have subject matter jurisdiction over the DTSA claim and, without jurisdiction over the federal claim, "the Court cannot exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims under 28 U.S.C. §1367." (Id., at 2). The amended complaint was "dismissed for lack of subject matter jurisdiction." (Doc. 55 at 3). Now, Defendants seek an award of their attorney's fees under the DTSA, the FUTSA, and Paragraph 9(h) of the Noncompetition Agreement.

## Discussion

### DTSA

The DTSA provides that: "In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may- ... if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party." 18 U.S.C. § 1836(b)(3)(D). Although Defendants argue at length about Plaintiffs' "bad faith," they fail to address whether they are, in fact, prevailing parties. I find that they are not.

Prevailing party status requires that a party "received a judgment on the merits, or obtained a court-ordered consent decree" that creates a "material alteration of the legal relationship of the parties." Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604-605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Here, Plaintiffs' amended complaint was not adjudicated on the merits; it was dismissed for lack

of jurisdiction. In this circuit, a dismissal for lack of jurisdiction is without prejudice. See Blankenship v. Gulf Power Co., 551 F. App'x 468, 472 (11th Cir. 2013) (noting that a court that lacks subject matter jurisdiction "did not have authority to dismiss the complaint on the merits" and such a dismissal is without prejudice) (citing FED. R. CIV. P. 41(b) (providing that an involuntary dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits) and Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984) (explaining that a district court's dismissal of a case for lack of subject matter jurisdiction should be without prejudice)).

The case of Dunster Live, LLC v. LoneStar Logos Mgmt Co., LLC, 908 F. 3d 948 (5th Cir. 2018) is particularly instructive. In Dunster, the plaintiff sued in federal court claiming certain defendants stole proprietary software and a database in violation of the DTSA. The complaint also alleged related state law claims. Following denial of a request for preliminary injunction, the plaintiff sought (and the district court granted) permission to dismiss the case without prejudice, explaining that "it no longer wished to pursue the federal trade secret claim, which was the only basis for subject matter jurisdiction." 908 F.3d at 950. After the dismissal, the plaintiff filed "essentially the same lawsuit in state court except for the federal claim," and defendants moved for attorneys' fees under the DTSA. (Id.). Noting that "the dispute has now been rescheduled for state court, where the winner will be decided," 908 F.3d at 953, the Fifth Circuit held, as a matter of first impression, that dismissal without prejudice of a DTSA case did not support a prevailing party fee award. 908 F. 3d at 951 ("A dismissal without prejudice thus does not make any party a prevailing one."). This analysis is directly on point. Defendants are not "prevailing parties" and, as such, are not entitled to recover their attorney's fees under the DTSA.

FUTSA

The FUTSA provides: "If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party." FLA. STAT. § 688.005. Defendants are not the prevailing party on this claim. In dismissing the case, Judge Dalton did not address (let alone resolve) the merits of the dispute and *denied* the motion to dismiss, to the extent it sought dismissal under Rule 12(b)(6) (failure to state a claim) (Doc. 55 at 3 – "Without jurisdiction over the sole federal claim, the Court does not reach the other aspects of Defendants' Motion."). Thus, Defendants cannot recover their fees under FUTSA.

*Noncompetition Agreement*

Defendants fare no better in their reliance on the noncompete agreement which says:

> (h) Costs of Litigation. If either party commences any proceeding, action or litigation against the other party concerning the terms of this Agreement or for the breach or threatened breach of this Agreement, in addition to any other relief granted, the prevailing party shall be entitled to recover all reasonable costs and expenses incurred by the prevailing party in connection with responding to and prosecuting or defending such action and the enforcement and collection of any judgment rendered therein ...

(Doc. 56-1, ¶ 9(h)).

Defendants contend that they are prevailing parties because Arie Konoforte's obligations under the Noncompetition Agreement were the basis for Plaintiff's claims under DTSA and FUTSA, and the dismissal of the DTSA claims "constitutes 'a change in the legal relationship of the parties' and renders the Defendants prevailing parties. See Am. Registry, LLC v. Hanaw, No. 2:13-CV-352- FTM-29CM, 2015 WL 5687693, at *4 (M.D. Fla. Sept. 25, 2015)." (Doc. 56 at 10). I am not persuaded. The cited portion of Am

Registry, LLC states:

> A party is considered a "prevailing party" if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Farrar v. Hobby, 506 U.S. 103, 109, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (citations omitted). There must be some change in the legal relationship and some relief on the merits of the claim achieved, with a resulting enforceable judgment. Id. at 111. A voluntary dismissal *with* prejudice will render a defendant a prevailing party, Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir.2007), however there must be some "judicial imprimatur" that prompts the corresponding change in the legal relationship of the parties, Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).
>
> In this case, a voluntary dismissal was sought by plaintiff but was opposed by defendants who had answered. The dismissal was with prejudice, a term and condition applied by the Court, and judgment was entered dismissing the case against defendants with prejudice. Additionally, all parties agreed that the dismissal would serve as an adjudication on the merits. (Doc. # 72, p. 2.) Therefore, defendants were prevailing parties.

Am. Registry, LLC, 2015 WL 5687693, at *4 (emphasis in original). Here, the Court dismissed the case without prejudice. And, even if the dismissal of the DTSA claims had been with prejudice, that would not bar an action on the Noncompetition Agreement or the other state law claims.

Defendants also argue that the Noncompetition Agreement provides that "a right to such costs and expenses shall be deemed to have accrued upon the commencement of such action and shall be enforceable whether or not such action is prosecuted to judgment." (Doc. 56-1 at 7). This language is not material to the question at hand because such "right" only exists only if a litigant is a "prevailing party."

As I find no statutory or contractual entitlement to an award of attorneys' fees, I have not addressed the parties' remaining arguments or the sufficiency of Defendants'

- 5 -

showing as to the amount claimed.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be DENIED.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 8, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties